**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RASHONDA LOVE and HEATHER
STAFFA,

      Plaintiffs,

v.                                                                Case No. 3:15-cv-1269-J-39JRK

BUNNELL OPERATING COMPANY,
INC., et al.,

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on the parties' Joint Motion for Approval of

Settlement Agreement and Dismissal of Action with Prejudice (Doc. 57; Motion) and the

parties' Stipulation of Dismissal (Doc. 65; Stipulation). Plaintiffs initiated this action on

October 23, 2015, seeking recovery, in part, pursuant to the Fair Labor Standards Act,

29 U.S.C. § 201 et seq. ("FLSA").[1] In the Stipulation, the parties inform the Court that

Plaintiffs will receive the full amount of their claims for unpaid back wages plus

liquidated damages equal to the unpaid back wages, and further, that the recovery will

not be reduced by attorneys' fees. (Doc. 65 at 1-2).

The provisions of the FLSA are mandatory, not subject to negotiation or

bargaining between employers and employees, and not subject to waiver. See Lynn's

Food Stores, Inc. v. United States Dep't of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982);

---

[1] Plaintiffs' Second Amended Complaint (Doc. 36) included sixteen numbered
counts, which included both FLSA and non-FLSA claims.

Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 204 (2d Cir. 2015), cert.

denied, 136 S. Ct. 824 (2016). Therefore, if Plaintiffs' claims have been compromised,

the parties are required to submit the Settlement for the Court's review as to whether

the proposed Settlement is a "fair and reasonable resolution of a bona fide dispute" over

FLSA issues.  See Lynn's Food Stores, Inc., 679 F.2d at 1355.

In this case, the parties assert that judicial review is unnecessary because

Plaintiffs' claims were not compromised. The Court agrees. The FLSA "contemplates

that the wronged employee should receive his full wages plus the penalty [liquidated

damages] without incurring any expense for legal fees or costs." Silva v. Miller, 307 F.

App'x 349, 351 (11th Cir. 2009) (internal quotations and citations omitted). Plaintiffs

sought and received both their actual and liquidated damages, and that amount was not

reduced by attorneys' fees. As Plaintiffs' claims were not compromised, no judicial

approval of the settlement is necessary. Accordingly, after due consideration, it is

**ORDERED:**

1.      The parties' Joint Motion to Approve Settlement (Doc. 57) is **DENIED as

moot**.

2.      Plaintiffs' FLSA claims are **DISMISSED without prejudice**. Plaintiffs'

other claims are **DISMISSED with prejudice**. The Clerk of the Court shall

administratively close this file and terminate any pending motions.

**DONE** and **ORDERED** in Jacksonville, Florida this _6th_ day of February, 2017.

BRIAN J. DAVIS
United States District Judge

- 2 -

mw
Copies furnished to:

The Honorable James R. Klindt
United States Magistrate Judge

Counsel of Record